J-S22001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD DAVID MARTINEZ, | |
| Appellant | No. 1320 MDA 2016 |

Appeal from the Judgment of Sentence June 23, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0006117-2015

BEFORE:  SHOGAN, MOULTON, and PLATT,* JJ.

MEMORANDUM BY SHOGAN, J.:                        **FILED JUNE 19, 2017**

Appellant, Edward David Martinez, appeals from the judgment of sentence entered following his conviction of robbery and additional crimes in relation to the burglary of a private home in Berks County.  In addition, appellate counsel has filed a petition to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

We summarize the history of this case as follows.  On November 17, 2015, Appellant and three co-defendants went to a home in Oley Township

_____

* Retired Senior Judge assigned to the Superior Court.

- 1 -

on the mistaken belief that it was a "drug house," with the intent to steal controlled substances. N.T., 6/23/16, at 5-6. The home was occupied by a family of three, consisting of a husband, wife, and their eleven-month-old child. *Id*. at 6. During the home invasion, the husband was shot by one of the four co-defendants and sustained serious bodily injuries. *Id*. In addition, the husband shot Appellant and one of his co-defendants. *Id*. Appellant and his injured co-defendant were driven to the hospital by the unharmed co-defendants. *Id*. at 7. Appellant received treatment for his injuries and was arrested after he was released from the hospital. *Id*. at 7-8.

On January 8, 2016, the Commonwealth filed an information charging Appellant with a total of twenty-one counts related to the incident. Information, 1/8/16, at 1-4. On June 23, 2016, Appellant entered an open plea of guilty to one count each of aggravated assault, burglary, and robbery, and three counts of conspiracy.[1] The trial court sentenced Appellant to serve an aggregate term of incarceration of fifteen to thirty-two years. N.T., 6/23/16, at 18. In fashioning Appellant's sentence, the trial court applied the deadly weapon enhancement under 204 Pa.Code

_____

[1] 18 Pa.C.S. §§ 2702, 3502, 3701, and 903, respectively.

§ 303.10.[2] After sentencing was completed, the Commonwealth moved to dismiss the remaining counts in the information, which the trial court granted. *Id*.

On June 29, 2016, Appellant filed a *pro se* post-sentence motion. On July 11, 2016, Appellant's counsel filed a *nunc pro tunc* post-sentence motion seeking to modify Appellant's sentence. On July 13, 2016, the trial court entered an order denying both post-sentence motions and indicating that Appellant had thirty days in which to file a notice of appeal. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[3]

As noted, counsel has filed a petition to withdraw from representation. Before we address the questions raised on appeal, we must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing

---

[2] We note that in ***Commonwealth v. Buterbaugh***, 91 A.3d 1247 (Pa. Super. 2014) (*en banc*), this Court concluded that the deadly weapon enhancement found at section 303.10 is not unconstitutional under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found by a jury beyond a reasonable doubt). ***Buterbaugh***, 91 A.3d at 1270 n.10.

[3] In his Pa.R.A.P. 1925(b) statement, Appellant raised the following single issue:

> Whether the aggregate sentence in this matter is manifestly excessive and a product of an abuse of judicial discretion?

Pa.R.A.P. 1925(b) Statement, 9/20/16, at 1.

requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within the petition to withdraw, counsel averred that he conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the ***Anders*** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel.

We now examine whether the brief satisfies the Supreme Court's dictates in ***Santiago***, which provide that:

> in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

Counsel's brief is compliant with *Santiago*. The brief sets forth the procedural history and facts of this case and outlines pertinent case authority. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel presents the following issue for our review:

Whether the aggregate sentence in this matter was manifestly excessive and a product of an abuse of judicial discretion?

*Anders* Brief at 4.

Appellant's sole issue challenges the discretionary aspects of his sentence. It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P.

- 5 -

[720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).

Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id*.

Herein, the first three requirements of the four-part test are met, those being that Appellant brought an appropriate appeal, raised the challenge in a post-sentence motion, and included in his appellate brief the necessary concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f).[4] Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

_____

[4] We observe the Commonwealth has conceded Appellant has complied with Pa.R.A.P. 2119(f). Commonwealth's Brief at 6 n.1.

Appellant asserts that the sentencing court abused its discretion by imposing a manifestly excessive sentence. However, as previously stated, we do not accept bald assertions of sentencing errors. **Malovich**, 903 A.2d at 1252 (citing **Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002)). "Rather, Appellant must support his assertions by articulating the way in which the court's actions violated the sentencing code." **Id**. Thus, to the extent Appellant's claim is a bald allegation of trial court error at the time of sentencing, we conclude that he has not presented a substantial question for our review.

Even if we had concluded that Appellant presented a substantial question and were to address the merits of this claim, we would determine, as did the trial court, that the issue lacks merit. The trial court explained:

> Appellant challenges the sentencing imposed for his numerous convictions. In aggregate, we imposed a term of incarceration for not less than [fifteen] (15) nor more than [thirty-two] (32) years' incarceration. This sentence was based on numerous factors which clearly indicated that Appellant required an extensive term of incarceration. The following excerpt from Appellant's sentencing hearing is illustrative:
>
> > **The Court:** All right. I have taken into account many things. Of course I have reviewed the P.S.I., which frankly is not favorable for the defendant. Despite the fact he is a young man, he has a very substantial prior record score. Most troubling of course, that includes an adjudication of a second degree felonious robbery as a juvenile. And obviously what occurred in this incident is sort of an outgrowth of that conduct.
> >
> > I have taken into account the provisions of the Sentencing Guidelines. I have taken into account

- 7 -

the factual background and pattern of the case about which, about the best thing I can say it is malicious. No one was killed here. And for that we should all be thankful; otherwise, we would be having an entirely different proceeding here than we are.

I also want to point out that in looking at the sentencing guidelines that have been referenced by both counsel, if the defendant were to receive consecutive sentences on these counts, even at the very bottom of the standard range, the minimum sentence would be 28 years in prison, which is substantially more than even the Commonwealth has recommended here.

I note, [Appellant], you are a young man and you are going to get a very substantial sentence here. But you are going to be paroled on these charges. And you are not going to be an old man when that happens so long as you conduct yourself well and learn the lessons here while you are in jail. That's the thing that you must remember. And you must remember not only for yourself but for your family as well.

Taking all of these matters into account, I'm going to [-- (pause in the proceeding while the Judge spoke to his tipstaff.)]

And also I want to add, [Appellant], you need to recognize here -- I don't know what other people have told you. I don't know what other people in the jail have told you. Most of those people have no idea what they are talking about first of all. And secondly, the Commonwealth has not dealt with you particularly harshly here. Even in their recommendation, which is very substantially under what even the bottom range guideline sentence would be. So you ought to walk out of this courtroom feeling fortunate for the disposition of this case considering how much more severe it could have been under the circumstances. . . .

[N.T., 6/23/16, at 15-17.]

Appellant's allegation that this [c]ourt did not adequately consider the aggregate sentence is without merit. During our deliberations, in arriving at the length of sentence, we dutifully considered Appellant's delinquent history and the severity of the crime. Considering these factors, amongst others, in respect to the Commonwealth's sentencing guidelines, our sentence was not manifestly excessive. Instead, this [c]ourt showed mercy, as the sentence the Appellant received was well below the bottom of the standard range.

Trial Court Opinion, 9/21/16, at 2-3. Therefore, if we had addressed this issue, we would have concluded Appellant failed to establish that the trial court abused its discretion in fashioning Appellant's sentence.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. ***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014). Having determined that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2017